

1  Daniel C. Cotman (SBN 218315)
   dan@cotmanip.com
2  Nelson E. Brestoff, *of counsel,* (SBN 065291)
   nick@cotmanip.com
3  COTMAN IP LAW GROUP, PLC
   117 East Colorado Blvd, Suite 460
4  Pasadena, California 91105
   (626) 405-1413/FAX: (626) 628-0404
5  Attorneys for Defendants EDO Trading, Inc.,
   Edvin Karapetian, Edward Minasyan,
6  and Lena Amerkhanian

7  Daniel M. Cislo, Esq. No. 125,378
   Email: dan@cislo.com
8  Mark D. Nielsen, Esq., No. 210,023
   Email: mnielsen@cislo.com
9  CISLO & THOMAS LLP
   1333 2nd Street, Suite 500
10 Santa Monica, CA  90401-4100
    (310) 451-0647/ FAX: (310) 394-4477
11 Attorneys for Plaintiff,
   WOLRD TRADING 32, INC.
12

13          **UNITED STATES DISTRICT COURT**
14          **CENTRAL DISTRICT OF CALIFORNIA**

15 WORLD TRADING 23, INC., a          ) Case No. 2:12-cv-10886-ODW-E
16 California corporation,            )
                                      ) Hon. Charles F. Eick
17          Plaintiff,                )
18                                    ) STIPULATED PROTECTIVE ORDER
19          v.                        )
                                      )
20 EDO TRADING, INC., a California    ) Complaint Filed:  12/21/2012
21 corporation, EDVIN KARAPETIAN,     )
   an individual residing in California, )
22 EDWARD MINASYAN, an individual )
23 residing in California, LENA       )
   AMERKHANIAN, an individual        )
24 residing in California,  and DOES 1-9, )
25 inclusive,                         )
                                      )
26          Defendants.               )
27
28

                              1

1    The parties to this case are competitors in the business of selling various toys,

2    including remote control products such as helicopters. Because of the parties' status

3    as competitors, confidential business information such as sales data, customer or

4    potential customer lists, cost-of-goods sold, pricing, manufacturing and product

5    details, specifications, information, and materials that may qualify as trade secrets

6    under California Civil Code § 3426.1, and other, similar information must necessarily

7    be protected from disclosure to opposing parties and/or other competitors in the

8    market, so as to avoid significant competitive harm.

9    Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a

10   protective order upon a showing of good cause, and provides that the protection of a

11   trade secret or other confidential commercial information is a proper basis for the

12   issuance of a protective order. The party seeking such an order must demonstrate a

13   particular and specific need for the protective order. Gray v. Rodewald, 133 F.R.D.

14   39, 40 (N.D. Cal. 1990).

15   Based on the foregoing demonstration of good cause in support of the parties'

16   Stipulated Protective Order, this Order should be granted by the Court to protect the

17   parties' confidential business information.

18                         **STIPULATED PROTECTIVE ORDER**

19   To expedite the flow of discovery materials, to facilitate the prompt resolution

20   of disputes over confidentiality of discovery materials, to adequately protect

21   information, the parties are entitled to keep confidential, to ensure that only materials

22   the parties are entitled to keep confidential are subject to such treatment, and to

23   ensure the parties are permitted reasonably necessary uses of such materials in

24   preparation for and in the conduct of trial, pursuant to F.R.Civ.P. 26(c), the parties

25   hereby stipulate to and request the Court to enter the following Stipulated Protective

26   Order:

27   / / /

28   / / /

## A.    **INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information, items or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party producing information, items or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets and/or other confidential technical, product, design, sales, marketing, customer, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any Receiving Party from any Producing Party pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, i.e. for prosecuting, defending or attempting to settle this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking copies of such material "Confidential" prior to or at the time such copies are furnished to the Receiving Party. The marking shall be accomplished by affixing the legend "Confidential" to each page of the material being designated. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

3. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "Confidential" by the reporter. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

4. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated, as set forth in Section A. 2, shall be designated by the Producing Party by informing the Receiving

1  Party of the designation in writing (such as in the form of electronic mail). Any

2  documents and/or physical objects made available for inspection by counsel for the

3  Receiving Party prior to producing copies of selected items shall initially be

4  considered, as a whole, to constitute "HIGHLY CONFIDENTIAL-ATTORNEYS'

5  EYES ONLY" (as defined in Section D below) and shall be subject to this Order.

6  After the Receiving Party has identified the documents that it wants copied and

7  produced, the Producing Party shall have a reasonable time to review and designate

8  the appropriate documents as CONFIDENTIAL INFORMATION or HIGHLY

9  CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY prior to

10  furnishing copies to the Receiving Party.

11       5.  The following information is not CONFIDENTIAL INFORMATION:

12            a.  Any information which at the time of disclosure to a Receiving Party

13  is in the public domain;

14            b.  Any information which subsequent to its disclosure to a Receiving

15  Party, becomes part of the public domain as a result the publication not involving a

16  violation of this Order;

17            c.  Any information that the Receiving Party can show was directly

18  known to it prior to the disclosure; and

19            d.  Any information that the Receiving Party can show, by written

20  records, was received by it after the disclosure from a source who obtained the

21  information lawfully and under no obligation of confidentiality to the Producing

22  Party.

23  **B.  NO WAIVER OF PRIVILEGE**

24       Inspection or production of documents and/or physical objects shall not

25  constitute a waiver of the attorney-client privilege or work product immunity or any

26  other applicable privilege, trade secret protection and/or protection under this Order

27  as CONFIDENTIAL INFORMATION, or as HIGHLY CONFIDENTIAL

28

1    INFORMATION-ATTORNEYS' EYES ONLY if, as soon as reasonably practicable
2    after the Producing Party becomes aware of any inadvertent or unintentional
3    disclosure, the Producing Party designates any such documents and/or physical
4    objects as within the attorney-client privilege, work product immunity, or any other
5    applicable privilege or protection under this Order and request return of such
6    documents and/or physical objects to the Producing Party. Upon request by the
7    Producing Party, the Receiving Party immediately shall return or destroy all copies of
8    such inadvertently produced document(s) and/or physical objects. Notwithstanding
9    this provision, outside litigation counsel of record are not required to delete
10   information that may reside on their respective electronic back-up systems that are
11   over-written in the normal course of business. Nothing herein shall prevent the
12   Receiving Party from challenging the propriety of the attorney-client privilege, work
13   product immunity or other applicable privilege or trade secret or other protection
14   designation by submitting a written challenge to the Court.
15
16   **C.** **DISCOVERY RULES REMAIN UNCHANGED**
17        Nothing herein shall alter or change in any way that the discovery provisions
18   of the Federal Rules of Civil Procedure, the Local Rules for the United States District
19   Court for the Central District of California, or the Court's Docket Control Orders and
20   Discovery Orders.
21   **D.** **INFORMATION DESIGNATED HIGHLY CONFIDENTIAL**
22   **ATTORNEY'S EYES ONLY**
23        1. CONFIDENTIAL INFORMATION may be additionally designated
24   "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." HIGHLY
25   CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall mean all CONFIDENTIAL
26   INFORMATION that constitutes proprietary, financial, product, design or technical
27   data or commercially sensitive competitive information including, without limitation
28   CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current

1  Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to
2  future products not yet commercially released, customer information, sales plans,
3  marketing plans, and strategic plans, , the disclosure of which is likely to cause harm
4  to the competitive position of the Producing Party. Any document or tangible thing
5  containing or including any CONFIDENTIAL INFORMATION may be designated
6  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Producing Party
7  by marking copies of such material "Highly Confidential-Attorneys' Eyes Only" prior
8  to or at the time such copies are furnished to the Receiving Party. The marking shall
9  be accomplished by affixing the legend "Highly Confidential-Attorneys' Eyes Only"
10 to each page of the material being designated. If only a portion of the material on a
11 page qualifies for protection, the Producing Party also must clearly identify the
12 protected portion(s).
13       Documents and/or physical objects designated HIGHLY CONFIDENTIAL-
14 ATTORNEYS' EYES ONLY and information contained therein shall be available
15 only to:
16
17            (a)  outside litigation counsel of record and supporting personnel
18 employed by those attorneys as described in Section E. 1. Below (not including in-
19 house counsel),
20            (b) technical advisors as described in Section E. 2 below and to have
21 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
22            (c) the Court and its personnel;
23            (d) court reporters and their staff, professional jury or trial consultants,
24 and Professional Vendors to whom disclosure is reasonably necessary for this
25 litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
26 (Exhibit A); and
27
28

(e) the author or authorized recipient of a document containing the information or a custodian or other authorized person who otherwise pose asked for new the information.

## E.  **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION**

Subject to the limitations for HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY designations as described in the previous sections, the following categories of persons shall have access to documents and/or physical objects designated as Confidential:

1. Counsel. Counsel for a Receiving Party shall have access to the Producing Party's information designated CONFIDENTIAL. The term "counsel" shall mean attorneys for the Plaintiff, and the Defendant, working on this litigation, including both outside and in-house counsel, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, law clerks and shorthand reporters, independent legal translators retained to translate in connection with this action, independent court reporters pertain to record and transcribe testimony in connection with this action, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non-technical jury or trial consulting services, including mock jurors, retained by counsel. Before any person other than counsel or counsel's employees and in-office independent contractors providing litigation support, may have access to the CONFIDENTIAL INFORMATION, such person shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2. Technical Advisors. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY of a Producing Party, and such copies, as are reasonably necessary for maintaining, defending or evaluating this

1    litigation, may be furnished and disclose to technical advisors. The term "technical

2    advisor" shall mean an outside consultant or consulting or testifying expert witness

3    with whom counsel may deem it necessary to consult concerning technical, financial,

4    or other aspects of this case for the preparation or trial thereof. Should a Receiving

5    Party find it necessary for maintaining, defending or even evaluating this litigation to

6    disclose a Producing Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL-

7    ATTORNEYS' EYES ONLY Information to a technical advisor, no prior notice to

8    the Producing Party shall be required if (a) the technical advisor is not a current

9    owner, shareholder, member, manager, director, officer, employee or consultant

10   (other than as a technical advisor in this litigation) of an entity engaged in the

11   business of manufacturing, distributing or selling cellular phones and/or cellular

12   accessories, or anticipated to become one, and (b) the technical advisor shall have

13   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If a person

14   not meeting the criteria in (a) above is sought by the Receiving Party to be a technical

15   advisor, then the Receiving Party shall first give written or e-mail notice to the

16   Producing Party. Such written notice shall include the technical advisor's resume,

17   curriculum vitae or other information adequate to identify the individual's current

18   employer and employment history for the past five (5) years, including consulting

19   relationships. The Producing Party may object to the disclosure of the information to

20   such technical advisor by notifying the Receiving Party in writing or by e-mail of any

21   objection within ten (10) days of receiving notice of the Receiving Party's request to

22   disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

23   ONLY information to such technical advisor.  Thereafter, the Producing and

24   Receiving Parties shall engage in a meet-and-confer process to address the issue.  If

25   the Receiving Party does not withdraw the name of the technical advisor, then the

26   Producing Party may proceed by filing a motion showing good cause why the

27   information or portions thereof shall not be disclosed to such persons.  Any such

28

1  motion shall be filed within 15 days after the Producing Party refuses to withdraw the

2  name of the technical advisor. Except by further order of this Court, no

3  CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

4  information shall be disclosed to such technical advisor until the matter has been

5  ruled upon by this Court or otherwise resolved. No disclosure of CONFIDENTIAL

6  or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be

7  made to any technical advisor unless the person to whom the disclosure is to be made

8  shall first have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

9  A) stating that he or she has read and understands this Order and agrees to be bound

10 by its terms. Identification of a technical advisor under this Protective Order is not a

11 waiver of any applicable consultant or work product privilege, and does not by itself

12 subject the technical advisor to any discovery.

13

14 **F.  MANAGEMENT OF A PARTY**

15      Subject to the provisions below, CONFIDENTIAL INFORMATION of a

16 Producing Party, and such copies as are reasonably necessary for maintaining,

17 defending or evaluating this litigation, may be furnished and disclosed by counsel for

18 a Receiving Party to a control group of no more than four (4) individuals who are

19 employees, managers, and/or supporting personnel of such Receiving Party with

20 responsibility for maintaining, defending or evaluating this litigation. Should counsel

21 for a Receiving Party find it necessary for maintaining, defending or evaluating this

22 litigation to disclose a Producing Party's CONFIDENTIAL INFORMATION to a

23 control group, counsel for the Receiving Party shall first obtain from such individual

24 a signed "Acknowledgment and Agreement to The Bound" (Exhibit A) stating that he

25 or she has read and understands this Order and agrees to be bound by its terms. Such

26 written agreement shall be retained by counsel for the Receiving Party, but need not

27 be disclosed to the Producing Party.

28 / / /

## G. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

In the event that the Receiving Party contends that produced information has been improperly designated under this Order, the Receiving Party shall first request that the Producing Party modify its confidentiality designation. If the Producing Party declines to change its designation or fails to respond to the Receiving Party's written request within ten (10) days, the Receiving Party may file a motion in accordance with the requirements of L.R. 37 to have the Court modify the designation.

## H. USE OF MATERIALS DESIGNATED UNDER THIS ORDER

1. CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, should not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as provided herein. All produced CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of which such person had knowledge prior to any such designations. Without in any way limiting the generality of the foregoing:

a. A present director, officer, and/or employee of a Producing Party (who is designated to testify by the Producing Party and who is permitted to have access to such information) may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which has been produced by that party;

1            b. A former director, officer, agent and/or employee of a Producing

2    Party may be examined and may testify concerning all CONFIDENTIAL and

3    HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of which he

4    or she has authorized prior knowledge, including any CONFIDENTIAL and

5    HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information that refers to

6    matters of which the witness has authorized personal knowledge, which has been

7    produced by that party and which pertains to the period or periods of his or her

8    employment; and

9            c. Non-party witnesses may be examined or testify concerning any

10    document containing CONFIDENTIAL and HIGHLY CONFIDENTIAL-

11    ATTORNEYS' EYES ONLY information of a Producing Party which appears on its

12    face or from other documents or testimony to have been received from or

13    communicated to the non-party witness as a result of any contact or relationship with

14    the Producing Party or a representative of a Producing Party. Any person other than

15    the witness, his or her attorney(s), or any other person qualified to receive

16    CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

17    information under this Order shall be excluded from the portion of the examination

18    concerning such information, unless the Producing Party consents to persons other

19    than qualified recipients being present at the examination. If the witness is

20    represented by an attorney who is not qualified under this Order to receive such

21    information, and prior to or at the examination, the Producing Party shall request that

22    the attorney provide a signed statement, in the form of Exhibit A hereto, that he or

23    she will comply with the terms of this Order to maintain the confidentiality of

24    CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

25    information disclosed during the course of the examination. In the event that such

26    attorney declines to sign such a signed statement prior to the examination, the parties,

27    by their attorneys, shall jointly seek a protective order from the Court prohibiting the

28

1   attorney from disclosing CONFIDENTIAL and HIGHLY CONFIDENTIAL-
2   ATTORNEYS' EYES ONLY information.

3       3. All transcripts of depositions, exhibits, answers to interrogatories,
4   pleadings, briefs, and other documents submitted to the Court which have been
5   designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS'
6   EYES ONLY information, or which contain information so designated, shall be filed
7   in sealed envelopes or other appropriate sealed containers on which shall be endorsed
8   the title of this matter, the words "CONFIDENTIAL INFORMATION-Under
9   Protective Order," and  a statement substantially in the following form:
10
        "This envelope contains CONFIDENTIAL INFORMATION filed in
11
        the above-entitled case by (name of party). This envelope is not to be
12
        opened, and its  contents are not to be displayed or revealed, except by
13
        direction  of the Court presiding over this matter."
14
15      Notwithstanding anything in this Section to the contrary, the parties shall
16   comply with the Local Rules, e.g., L.R. 79-5, and all Orders of this Court regarding
17   the filing of sealed information.

18      4. Nothing in this Order shall prohibit the transmission or communication of
19   CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
20   information between and among qualified recipients:

21          a. By hand delivery;

22          b. In sealed envelopes; or

23          c. By telephone, facsimile, e-mail or other electronic transmission
24   system; or where, under the circumstances, there is no reasonable likelihood that the
25   transmission will be intercepted or misused by any person who is not a qualified
26   recipient.

27      5. CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
28   ONLY information shall not be copied or otherwise produced by a Receiving Party,

except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further Order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information for use in connection with this litigation. Such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information under the terms of this Order.

## I. **NONPARTY USE OF THIS PROTECTIVE ORDER**

1. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information pursuant to the terms of this Stipulated Protective Order.

2. A nonparty's use of this Stipulated Protective Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information does not by itself entitle the nonparty to access to CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information produced by any party in this case.

## J. **MISCELLANEOUS PROVISIONS**

1. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

2. The inadvertent or unintentional production of documents or information containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which are not so designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

1    3. Within sixty (60) days after the entry of a final non-appealable judgment or

2  order, or the complete settlement of all claims asserted against all parties in the

3  action, each party shall, at its option, either return to the Producing Party or destroy

4  all physical objects, and all documents marked CONFIDENTIAL or HIGHLY

5  CONFIDENTIAL-ATTORNEYS' EYES ONLY which were received from the

6  Producing Party, and shall destroy in whatever form stored or reproduced, all

7  physical objects, and documents, including but not limited to, correspondence,

8  memoranda, notes and other work product materials, which contain or refer to

9  CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

10  information. Notwithstanding this provision, outside litigation counsel of record is

11  not required to delete information that may reside on their respective electronic

12  back-up systems that are over-written in the normal course of business.

13  Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all

14  pleadings, motions and trial briefs (including all supporting and opposing papers and

15  exhibits thereto), written discovery requests and responses (and exhibits thereto),

16  deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or

17  introduced into evidence in any hearing or trial.

18

19  / / /

20  / / /

21  / / /

22

23

24

25

26

27

28

    4. This Order is entered without prejudice to the right of any party to apply to
the Court at any time for additional protection, or to relax or rescind the restrictions
of this Order, when convenience or necessity requires it.  No modification by the
parties shall have the force or effect of the Court order unless the Court approves the
modification.


                                        Respectfully submitted,

DATED:  April 5, 2013                   CISLO & THOMAS LLP



                                   By:  _____
                                        Daniel M. Cislo, Esq.
                                        Mark D. Nielsen, Esq.
                                        Attorneys for Plaintiff
                                        WORLD TRADING 23, INC.


Dated:  April 5, 2013                   COTMAN IP LAW GROUP, PLC

                                        /s/Nelson E. Brestoff
                                        _____
                                        Nelson E. Brestoff
                                        Daniel C. Cotman
                                        Counsel Defendants, EDO Trading, Inc.,
                                        Edvin Karapetian, Edward Minasyan,
                                        and Lena Amerkhanian

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER

The foregoing Stipulated Protective Order is hereby APPROVED.

Dated: _4/8/13_

Hon. Charles F. Eick
United States Magistrate Judge

---

16
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  Daniel C. Cotman (SBN 218315)
   dan@cotmanip.com
2  Nelson E. Brestoff, *of counsel,* (SBN 065291)
   nick@cotmanip.com
3  COTMAN IP LAW GROUP, PLC
   117 East Colorado Blvd, Suite 460
4  Pasadena, California 91105
   (626) 405-1413/FAX: (626) 628-0404
5  Attorneys for Defendants EDO Trading, Inc.,
   Edvin Karapetian, Edward Minasyan,
6  and Lena Amerkhanian

7  Daniel M. Cislo, Esq. No. 125,378
   Email: dan@cislo.com
8  Mark D. Nielsen, Esq., No. 210,023
   Email: mnielsen@cislo.com
9  CISLO & THOMAS LLP
   1333 2nd Street, Suite 500
10 Santa Monica, CA  90401-4100
   (310) 451-0647/ FAX: (310) 394-4477
11 Attorneys for Plaintiff,
   WOLRD TRADING 32, INC.
12

13            UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA

15 WORLD TRADING 23, INC., a        ) Case No. 2:12-cv-10886-ODW-E
16 California corporation,          )
                                    ) Hon. Charles F. Eick
17              Plaintiff,          )
                                    )
18                                  ) EXHIBIT A TO STIPULATED
19           v.                     ) PROTECTIVE ORDER
                                    )
20 EDO TRADING, INC., a California  )
21 corporation, EDVIN KARAPETIAN,   ) Complaint Filed:  12/21/2012
   an individual residing in California, )
22 EDWARD MINASYAN, an individual  )
23 residing in California, LENA     )
24 AMERKHANIAN, an individual       )
   residing in California,  and DOES 1-9, )
25 inclusive,                       )
                                    )
26                                  )
   Defendants.                      )
27
28

                          17
         [PROPOSED] STIPULATED PROTECTIVE ORDER

## AGREEMENT TO BE BOUND BY
## STIPULATED PROTECTIVE ORDER

I, _____ , state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Stipulated Protective Order dated _____2013, and have been engaged as _____ on behalf of _____ _____ in the preparation and conduct of the subject litigation.

5.    I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents and/or physical objects designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information in a secure manner, and that where upon the copies in any writings prepared by me containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

6.    I will not disclose confidentiality designated information to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any assistants, who are required to assist me, of the terms of said Order and I will direct these assistants to comply with the terms of said Order.

7.    In accordance with Section E. 2 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five (5) years, including all consulting relationships.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this____day of_____ 2013.

_____

**[PROPOSED] STIPULATED PROTECTIVE ORDER**