O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD TRADING 23, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDO TRADING, INC.; EDVIN KARAPETIAN; EDWARD MINASYAN; LENA AMERKHANIAN; DOES 1–9, inclusive, <br><br> Defendants. | Case No. 2:12-cv-10886-ODW(PJWx) <br><br> **ORDER CONVERTING MOTION FOR JUDGMENT ON THE PLEADINGS TO MOTION FOR SUMMARY JUDGMENT** |

On March 1, 2013, Defendants moved for judgment on the pleadings. (ECF No. 12.) In their Motion, Defendants requested that the Court take judicial notice of, among other things, the Settlement Agreement appended to the complaint filed in Case No. 12-cv-4499-ODW(Ex) ("*Toyrrific II*"). (Mot. 6.)

In considering a motion for judgment on the pleadings, a court may consider only the pleadings and documents attached to them, documents incorporated by reference in the complaint, and judicially noticeable matters. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If "matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added).

/ / /

A court may judicially notice a fact "generally known within the trial court's territorial jurisdiction" or capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When a party requests that a court judicially notice filings in another case, the court may only notice the *fact* that a document was filed, not the contents of the filing itself. *Lee v. City of L.A.*, 250 F.3d 668, 689–90 (9th Cir. 2001).

World Trading 23 did not attach the Settlement Agreement to its Complaint, nor did the Complaint reference the agreement at all. And at most, the Court may only take judicial notice of the fact that Toyrrific appended the Settlement Agreement to its complaint in *Toyrrific II*. But the Court may not notice the actual content of that document.

Since Defendants' rely entirely upon the Settlement Agreement in their Motion for Judgment on the Pleadings, the Court must consider it in ruling on the Motion. But because the agreement is a matter outside the pleadings, the Court **CONVERTS** the Motion to one for summary judgment under Rule 56.

Defendants shall submit a declaration attesting to the authenticity of the Settlement Agreement, apart from the fact that it was filed in *Toyrrific II*. The parties may also submit supplemental briefing not to exceed five pages. The parties' additional briefing and supporting evidence shall be filed by April 18, 2013.

**IT IS SO ORDERED.**

April 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**