FROM :WT23          FAX NO. :18186759002          Dec. 12 2011 11:55AM P5

## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

The Parties to this Settlement Agreement and Mutual General Release made as of this date, December 7, 2011, (the "Settlement Agreement") are Toyriffic, LLC, Kevork Kouyoumjian and Viken Kouyoumjian ("Toyriffic"), and Edvin Karapetian and Edward Minasyan, who are sometimes referred to herein collectively as the "Parties" or individually as a "Party."

## RECITALS

This Settlement Agreement is made with reference to the following:

A.   WHEREAS the Parties agree this Settlement Agreement and Exhibit A are subject to Section 408 of the Federal Rules of Evidence, and are not admissible against any of the Parties to this Settlement Agreement in any action in which they are parties except an action to enforce this Settlement Agreement.

B.   WHEREAS a dispute has arisen between Toyriffic, LLC, d/b/a Hobbytron.com, Kevork Kouyoumjian, and Viken Kouyoumjian on the one hand; and Edvin Karapetian and Edward Minasyan on the other hand. Toyriffic, LLC, filed a lawsuit against Edvin Karapetian and Edward Minasyan in the District Court, Central District of California, Case No. CV10 5813-ODW (Ex) (the "Action"); and Edvin Karapetian filed a counterclaim in the Action against Kevork Kouyoumjian, Viken Kouyoumjian, and Toyriffic LLC (the "Counterclaim").

C.   WHEREAS Edvin Karapetian and Edward Minasyan (herein after referred to as "Minasyan") wholly deny the allegations set forth in the complaint and enter into this Settlement Agreement without any admission of liability or wrong doing related to the

1

allegations set forth in the complaint for this Action.

D. WHEREAS Toyriffic, LLC, Kevork Kouyoumjian and Viken Kouyoumjian wholly deny the allegations set forth in the Counterclaim and enter into this Settlement Agreement without any admission of liability or wrong doing related to the allegations set forth in the Counterclaim.

E. WHEREAS Edvin Karapetian and Toyriffic, LLC desire to continue their respective businesses selling hobby items and electronic toys.

F. WHEREAS it is the intention of the Parties, to dispose of the action and to fully and completely, release and discharge any and all existing or potential claims, demands or causes of action arising out of, connected with, or incidental to the Action and Counterclaim without any admission of liability by the Parties.

## SETTLEMENT AGREEMENT

WHEREFORE, for valuable consideration, including the mutual promises as set forth below the Parties agree as follows (hereinafter referred to as the "Settlement"):

1. GENERAL SETTLEMENT TERMS:

a. The foregoing Recitals are a part of this Settlement Agreement and are incorporated herein by this reference as if set forth in full herein.

aa. Plaintiff Toyriffic asked for cooperation from Karapetian in defending against the claims alleged by plaintiffs in the action Narek Issagoolian, Arman Garibyan, Henry Barahona v. World Trading 23, Inc., World Trading 23, Inc., DBA Shooting Star, Toyriffic,

2

000038

LLC., Toyriffic, LLC, DBA Toyraptor, Kevork Kouyoumjian, Vicken Kouyoumjian, Jaques Kouyoumjian, Los Angeles Superior Court Case No. BC467619 (the "Issagoolian Action"). Karapotian provided his voluntary cooperation based on his present knowledge as listed in Exhibit A hereto. The Parties agree that the Exhibit A will be for attorney's eyes only, and will be kept confidential and used by counsel for purposes of impeachment in the Issagoolian Action. The Parties agree that there are no further obligations to voluntarily cooperate by Edvin Karapotian imposed by this Section regarding the claims in the Issagoolian Action.

Toyrrific agrees that it will refrain from subpoenaing Edvin Karapotian for deposition in the Issagoolian Action unless Edvin Karapetian presents an affidavit, declaration or other sworn statement for any purpose in the Issagoolian Action or otherwise takes any actions that interfere with or are adverse to Toyriffic's defense of the Issagoolian Action. Such limitation shall not impair Toyrrific's rights to cross-examine Edvin Karapetian at any deposition sought by any third-party or at the trial or other hearing in the Issagoolian Action, or in any other proceeding.

a. The Parties agree that neither Party will disclose to any governmental agency and/or third party, any facts, statements, discovery or any other information relating to the Action and/or the Counterclaim unless required to do so by operation of law or court order.

b. In the event of breach of this Settlement Agreement by any Party, the breaching Party shall indemnify the non-breaching Party for any third party claims that arise out of the breach of this Settlement Agreement.

c. The Honorable Otis D. Wright II, shall retain jurisdiction over this matter if a breach

3

is alleged by either Party.

2.  **DISMISSAL:** In exchange for the promises made herein, Toyriffic shall dismiss the Action in its entirety against Karapetian and Minasyan with prejudice, and Karapetian shall dismiss, with prejudice, the Counterclaim against Toyriffic, LLC, Kevork Kouyoumjian and Viken Kouyoumjian. The parties shall submit and caused to be filed with the Court a Stipulated Dismissal with Prejudice of all claims and counterclaims within seven (7) days of the date of this Settlement Agreement as written above on page 1. In the event that a material violation of this Settlement Agreement occurs, the Parties agree that the Honorable Otis D. Wright II, will retain jurisdiction to resolve the dispute.

3.  **TRANSFER OF ASSETS OF HOBBYCHASE.COM:** Edvin Karapetian and Edward Minasyan agree, upon execution of this Settlement Agreement, to immediately cease all operations of the business known as HobbyChase.com. In addition, Edvin Karapetian and Edward Minasyan agree to comply with the terms of the order in the Action dated November 24, 2010 pursuant to which the Court issued a preliminary injunction that: i prohibits Edvin Karapetian and Edward Minasyan from using in commerce the trademark HobbyChase with respect to the sale of toys, remote control cars, and vehicles and other hobby related products; and, ii. prohibits Edvin Karapetian and Edward Minasyan from continuing the use of the website HobbyChase.com (or any similar website).

Edvin Karapetian and Edward Minasyan further agree to and hereby do transfer and assign to Toyriffic's affiliate World Trading 23, Inc. all of their right, title and interest in the Hobbychase.com Assets (as that term is defined in Exhibit B) pursuant to the Bill of Sale

4

attached hereto as Exhibit B.

4. <u>GENERAL RELEASE</u>: Except as to such rights or claims as may be created by this Settlement Agreement, Toyriffic, LLC, Kevork Kouyoumjian and Viken Kouyoumjian, and Karapetian and Minasyan, on behalf of themselves and each of their present and former agents, shareholders, officers, directors, affiliates, parent entities, subsidiaries, employees, employers, partners, joint venturers, associates, heirs, spouses, children, issue, estates, beneficiaries, representatives, executors, administrators, attorneys, insurers, predecessors, successors, and assigns, and all those claiming by, through, under or in concert with them, or any of them (the "Releasing Parties") hereby absolutely, forever and fully, generally and specifically release and discharge each other and their respective shareholders, officers, directors, affiliates, parent entities, subsidiaries, employees, employers, partners, joint venturers, associates, heirs, spouses, children, issue, estates, beneficiaries, representatives, executors, administrators, attorneys, insurers, predecessors, successors, and assigns, and all those claiming by, through, under or in concert with them from any and all claims, administrative claims, demands, and/or causes of action heretofore or hereafter arising out of, connected with, or incidental to the Action and Counterclaim.

The Parties dispute the amount of wages allegedly due to Karapetian and Minasyan. Solely to compromise a disputed claim, Toyrrific agrees to and shall release its claims against Karapetian and Minasyan as described in the Action, and Karapetian and Minasyan acknowledge and accept such release as adequate remuneration for all compensation of any type allegedly due to Karapetian and Minasyan. Karapetian and Minasyan acknowledge that with the receipt of this release, Karapetian and Minasyan has received from Toyrrific all

wages (including without limitation, overtime), expense reimbursements, accrued but unused vacation pay, benefits, meal and rest period payments, and compensation of all types legally due and owed by Toyrrific through the date of Karapetian and Minasyan's employment separation.

This General Release includes, but is not limited to, any claims Karapetian and Minasyan may have arising under any foreign, federal, state or local constitution, statute, ordinance, regulation, or common law, including, but not limited to, those arising under Title VII of the Civil Rights, the Equal Pay Act, the Family and Medical Leave Act, the Fair Credit Reporting Act and similar state and local statutes and regulations including without limitation the California Consumer Credit Reporting Agency Act, the Age Discrimination in Employment Act, the Americans with Disability Act, the Employee Retirement Income Security Act, the Worker Adjustment and Retraining Notification Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code, the California Government Code, the Orders of the California Industrial Welfare Commission regulating wages, hours and working conditions, the California Business & Professions Code, and any other foreign, federal, state or local law prohibiting employment discrimination or otherwise regulating employment; any claim or claims for discrimination, failure to prevent discrimination, retaliation, failure to prevent retaliation, harassment, failure to prevent harassment, failure to accommodate, failure to engage in the interactive process, assault, battery, misrepresentation, fraud, deceit, concealment, invasion of privacy, breach of contract, breach of quasi-contract, breach of implied contract, wrongful or constructive discharge, public policy wrongful discharge, breach of the covenant of good faith and fair dealing, libel, slander, defamation, negligent or intentional infliction of

Case 2:12-cv-10886-ODW-E Document 26-1 Filed 04/18/13 Page 7 of 18 Page ID #:453
Case 2:12-cv-10886-ODW-E Document 21-1 Filed 04/3/13 Page 7 of 18 Page ID #:353

FROM :WT23                    FAX NO. :18186759002           Dec. 12 2011 11:56AM P11

emotional distress, violation of public policy, negligent supervision, negligent retention, negligent hiring, negligent misrepresentation, negligence, unfair business practices, promissory estoppel, negligent interference with business opportunity or with contracts or interference with business opportunity or with contracts, and any claim or claims for bonuses, commissions, sick pay, retirement pay, holiday pay, reimbursement of health or medical costs, workers' compensation, disability pay or benefits, pension, retirement or 401(k) contributions or any other employee benefit.

5.  **SECTION 1542 WAIVER:** The Parties hereby expressly, voluntarily and knowingly waive and relinquish all right to which they would be entitled now or at any time hereafter under Section 1542 of the Civil Code of California relating to the subject matter hereof (known or unknown). Such Section provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Parties acknowledge that they may hereafter discover claims or facts in addition to or different from those that they now know or believe to exist with respect to the subject matter of this Settlement Agreement and which, if known or suspected at the time of execution may have materially affected this settlement. Nevertheless, in making this voluntary express waiver of rights under Section 1542 of the Civil Code of California, the Parties acknowledge that it is their intention to fully and forever settle and release each other from the claims subject to this release, whether known or unknown, and herein release and specifically waive and relinquish any right or benefit which they may have under Civil Code Section

7

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
7

1542 to the full extent that they may lawfully waive such right or benefit.

6.     CONFIDENTIALITY. The Parties agree that they and any person or entity acting in concert with, or at the direction of a Party, will not disclose to any non-Party to this Settlement Agreement any portion or terms of this Settlement Agreement or any of the Parties' settlement related correspondence or communications, or give to any non-Party to this Settlement Agreement any description or summary of the terms of the Settlement Agreement. The Parties may disclose, without violating this Confidentiality Provision, (1) that the dispute between the Parties was settled by Settlement Agreement, (2) information that is otherwise publicly available, and (3) information required to be disclosed by operation of law or court order.

7.     REPRESENTATIONS AND WARRANTIES: The Parties represent and warrant to each other as follows:

That they have had the opportunity to seek independent legal advice from an attorney(s) with respect to the advisability of making the Settlement provided for herein, with respect to the advisability of executing this Settlement Agreement, and with respect to the meaning of California Civil Code section 1542.

a.     That the Parties (by any officer, agent, partner, employee, representative, insurer, or attorney of or for any party), have not made any statement or representation to the other regarding any fact relied upon in entering into this Settlement Agreement, that to the extent any such statement, representation, or promise of the Parties (by any officer, agent, employee, representative, insurer, or attorney) had been made, the

8

000044

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
8

Parties did not rely upon any such statement, representation, or promise by the Parties in executing this Settlement Agreement, or in making the settlement provided for herein, except as expressly stated in this Settlement Agreement, but instead relied upon their own investigation, legal counsel and judgment.

     b.    That each Party has made such investigation of the facts pertaining to this Settlement and this Settlement Agreement, and of all the matters and/or claims pertaining thereto and released hereunder, as it deems necessary.

     c.    That each Party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Settlement Agreement.

     d.    That each Party is aware that it may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters related herein. Nevertheless, it is the Parties' intention to fully, finally, and forever settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or heretofore have existed with regard to the dispute. In furtherance of such intention, the release given herein shall be and remain in effect as full and complete releases of all such matters notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

8.    <u>WARRANTY OF AUTHORITY</u>: Each Party hereto represents and warrants

that it has the full power and authority to execute, deliver and perform under this Settlement Agreement and all documents referred to herein, including the power and authority to waive and release the Claims on behalf of the Releasing Parties, and that any needed consent or approval has been obtained including approval of the board of directors for any corporate Party.

9. **NO ADMISSIONS**: This Settlement Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by the Parties of any liability of any kind to each other.

10. **GOVERNING LAW**: The Settlement Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California. The venue for any action to enforce any term of this Settlement Agreement shall be within the County of Los Angeles, California and all Parties agree to submit to the jurisdiction of the District Court of the Central District of California in the event that any Party seeks to enforce this Settlement Agreement.

11. **INTEGRATED SETTLEMENT AGREEMENT**: This Settlement Agreement is the entire Settlement Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written Settlement Agreements and discussions. The Settlement Agreement may be amended only by an Settlement Agreement in writing and signed by all of the Parties for whom any

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
10

modification applies.

12.  **BINDING EFFECT**: The Settlement and Settlement Agreement is binding upon and shall inure to the benefit of the Parties hereto, their respective agents, employees, representatives, partners, officers, directors, divisions, subsidiaries, affiliates, parent companies, assigns, heirs, successors in interest, shareholders, attorneys, insurers, and adjusters.

13.  **SEVERABILITY**: In the event that any provision of this Settlement Agreement should be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect.

14.  **AMBIGUITIES OR UNCERTAINTIES**: This Settlement Agreement and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the express understanding and Settlement Agreement that the Parties participated equally in the negotiation and preparation of the Settlement Agreement, or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of California Civil Code Section 1654 and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist. Each Party has cooperated in the drafting and preparation of the Settlement Agreement.

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
11

15.     ATTORNEYS' FEES AND COSTS:

    a.     In the event of litigation or arbitration relating to the Settlement or Settlement Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs.

    b.     Each Party shall bear its own attorneys' fees and costs incurred in connection with the action, the claims, or this Settlement Agreement.

16.     EXECUTION IN COUNTERPARTS: The Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the Parties to this Settlement Agreement execute it as of the day and year first above written.

Toyriffic, LLC

Dated: \_\_12-12\_\_, 2011

By: _____

12

000048

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
12

Its _Kevork Kouyoumjian_

Kevork Kouyoumjian, individually

Dated: 12-12- , 2011

_[signature]_

Vicken Kouyoumjian, individually

Dated: 12-12 , 2011

_[signature]_

Edvin Karapetian, individually

Dated: _____, 2011

Edward Minasyan, individually

Dated: _____, 2011

**Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
13**

FROM : WT23　　　　　　　　FAX NO. :19186759002　　　Dec. 12 2011 11:58AM P17

Its Kevork Kouyoumjian

Kevork Kouyoumjian, individually

Dated: 12-12-___, 2011

Vicken Kouyoumjian, individually

Dated: 12-12___, 2011

Edvin Karapetian, individually

Dated: 12-12___, 2011

Edward Minasyan, individually

Dated: 12-12___, 2011

13

000050

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
14

## EXHIBIT "B"

## BILL OF SALE

THIS BILL OF SALE (this "Agreement") is made and delivered as of December 6, 2011 (the "Effective Date") between World Trading 23, Inc., a California corporation ("Buyer"), and Edwin Karapetian and Edward Minasyan ("Sellers").

A. Sellers, Buyer's affiliate Toyrrific, LLC, Kevork Kouyoumjian and Viken Kouyoumjian are parties to that certain Settlement and Mutual General Release Agreement dated as of December 6, 2011 (the "Settlement Agreement"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

B. On the terms and subject to the conditions set forth in the Settlement Agreement, Sellers desire to sell, transfer, convey, grant, set over, assign and deliver to Buyer, and Buyer desires to purchase and acquire from Sellers, the assets described on Exhibit 1 attached hereto (the "Assets") and in the Settlement Agreement.

NOW THEREFORE, for the consideration set forth in the Settlement Agreement and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Sellers and Buyer agree as follows:

1. Sellers do hereby sell, transfer, convey, grant, set over, assign and deliver or cause, to be sold, transferred, conveyed, granted, set over, assigned and delivered, to Buyer, all of Sellers right, title and interest in and to the Assets.

2. From and after the date hereof, at the request of Buyer, Sellers shall execute and deliver, or cause to be executed and delivered, such other agreements or instruments of conveyance and transfer as Buyer may reasonably request in order to vest more effectively in Buyer the right, title and interest in any of the Assets acquired by Buyer.

3. This Agreement is executed in accordance with the terms and conditions of the Settlement Agreement, and the terms of this Agreement are subject to the terms and provisions of the Settlement Agreement. To the extent any term or provision herein is inconsistent with the Settlement Agreement, the terms and provisions of the Settlement Agreement shall control.

4. No modification, amendment, supplement, or waiver of this Agreement shall be valid or binding unless made in writing and signed by each party.

5. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

6. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

Case 2:12-cv-10886-ODW-E Document 26-1 Filed 04/18/13 Page 16 of 18 Page ID #:362
Case 2:12-cv-10886-ODW-E Document 26-1 Filed 04/18/13 Page 16 of 18 Page ID #:362

FROM : WT23                    FAX NO. :18186759002           Dec. 12 2011 11:54AM P3

7. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of California, without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any jurisdiction other than the State of California.

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the parties hereto as of the Effective Date.

Sellers                                    Buyer

                                           World Trading 23, Inc.

By: _____            By: _____
    Edwin Karapetian                           Kevork Kouyoumjian
                                               President

By: _____
    Edward Minasyan

W:\Working\06429\01\W0095100.DOC

W:\Working\11605\01\W0100470.DOC v2            2

000052

Exhibit A to Decl of Minasyan
to Suppl Brief in Support of MSJ
16

FROM : WT23   FAX NO. :18185759002   Dec. 12 2011 11:54AM P3

7. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of California, without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any jurisdiction other than the State of California.

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the parties hereto as of the Effective Date.

Sellers

By: _____
Edwin Karapetian

By: _____
Edward Minasyan

Buyer

World Trading 23, Inc.

By: _____
Kevork Koüyoumjian
President

W:\Working\064201\01\W0095100.DOC

W:\Working\160501\01\W0100470.DOC v2

2

000053

**Exhibit A to Decl of Minasyan to Suppl Brief in Support of MSJ**
**17**

## EXHIBIT 1

### ASSETS

- The internet web site "Hobbychase.com".

- The trademarks "HobbyChase" and "HobbyChase.com" and any iteration thereof.

- All customer lists, supplier lists, accounts receivable, and commission junction accounts related to the business of HobbyChase.com.

- All Twitter accounts and Facebook accounts.

- Any Magento software and any accounting associated with that software.