O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD TRADING 23, INC., <br><br>                     Plaintiff, <br>     v. <br> EDO TRADING, INC.; EDVIN KARAPETIAN; EDVARD MINASYAN; LENA AMERKHANIAN; DOES 1–9, inclusive, <br><br>                     Defendants. | Case No. 2:12-cv-10886-ODW(PJWx) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [12]** |

## I.   INTRODUCTION

Plaintiff World Trading 23, Inc. brought this copyright-infringement action alleging that Defendants EDO Trading, Inc., Edvin Karapetian, Edvard Minasyan, and Lena Amerkhanian copied the design of World Trading's impact-resistant, remote-controlled toy helicopter.  Defendants initially moved for judgment on the pleadings and argued that a broadly worded Settlement Agreement executed by World Trading's affiliate in another case barred this claim.  But since the Court finds that there is no nexus between this case and the previous one, the Court **DENIES** Defendants' Motion for Summary Judgment.[1]

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

World Trading and EDO Trading are incorporated and have their principal places of business in California. (Compl. ¶¶ 1–2.) World Trading believes that Defendants Edvin Karapetian and Edvard Minasyan are the owners or officers of EDO Trading. (*Id.* ¶ 3.) Defendant Lena Amerkhanian is affiliated with Karapetian, Minasyan, or both. (*Id.* ¶ 4.)

Toyriffic, LLC, an affiliate of World Trading, settled a previous lawsuit with Karapetian and Minasyan (*Toyriffic I*[2]) via a Settlement Agreement and Mutual General Release. (Minasyan Decl. Ex. A.) Karapetian and Minasyan agreed to cease operations of their business, HobbyChase.com, and transfer the business's assets to Toyriffic. (*Id.* Ex. A, at 4–5.) Toyriffic, Karapetian, Minasyan, and others agreed to "absolutely, forever and fully, generally and specifically release and discharge each other and their respective" affiliates and associates "from any and all claims, administrative claims, demands, and/or causes of action [t]heretofore or [t]hereafter arising out of, connected with, or incidental to" *Toyriffic I*. (*Id.* Ex. A, at 5.) The parties also agreed to "fully, finally, and forever settle and release all [claims that might arise in the future with respect to *Toyriffic I*], and all claims relative thereto." (*Id.* Ex. A, at 9.)

In late 2011, World Trading designed and developed an impact-resistant, remote-controlled toy helicopter. (*Id.* ¶ 15.) World Trading then began manufacturing the helicopter and showing it to some of World Trading's customers. (*Id.* ¶ 16.) In February 2012, World Trading debuted the helicopter at the New York Toy Fair and has been selling the product ever since online. (*Id.* ¶¶ 17–18.)

Around November 22, 2012, World Trading's representatives noticed that Defendants had listed an allegedly similar impact-resistant, remote-controlled helicopter on Amazon.com, Buy.com, and Airsoftrc.com (Defendants' own website). (*Id.* ¶ 19.) World Trading then obtained a copyright registration on the helicopter's

---

[2] *Toyriffic LLC v. Edvin Karapetian*, No. CV 10-5813-ODW(Ex) (C.D. Cal. filed Aug. 5, 2010).

"ornamental design" effective November 23, 2012. (Opp'n Ex. 1; *see also* Compl. ¶ 21.)

On December 21, 2012, World Trading filed this Complaint against Defendants, alleging one claim for copyright infringement. Defendants answered and then moved for judgment on the pleadings on March 11, 2013. (ECF No. 13.) But since Defendants' relied heavily upon the Settlement Agreement involved in *Toyriffic I* and *Toyrrific II*[3], which was not appended to the Complaint or judicially noticeable, the Court converted the Motion to one for summary judgment. (ECF No. 24.) The converted summary-judgment motion is now before the Court for decision.

### III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving

---

[3] *Toyrrific, LLC v. Edvin Karapetian*, No. CV 12-4499-ODW(Ex) (C.D. Cal. filed May 23, 2012). Note that the Court maintains the spelling distinction between the two case names.

party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

Defendants argue that the Settlement Agreement emanating from *Toyriffic I* bars World Trading's current action. Defendants contend that World Trading is Toyriffic's "affiliate," and thus subject to the agreement, and that there is a nexus between the copyright claim here and the claims at issue in *Toyriffic I*. World Trading disagrees, arguing that since World Trading's helicopter was not yet in existence or even contemplated at the time the parties executed the Settlement Agreement, there is no connection between this action and *Toyriffic I*. The Court considers each party's arguments in turn.

### A. Admissibility of the Settlement Agreement

As a preliminary matter, World Trading disputes the Settlement Agreement's admissibility. World Trading argues that "Defendants seek to use the prior agreement to disprove the liability in this case, which directly implicates [Federal Rule of Evidence] 408(a)'s bar" on the admissibility of settlement offers or discussions. (Pl.'s Supp. Br. in Opp'n 2.)

While the ultimate effect of the Settlement Agreement's admission could possibly limit Defendants' liability in this case, that effect simply reflects the nature of interpreting the agreement's scope. The merits of World Trading's copyright-infringement claim are not yet in issue; Defendants presently seek only to enforce the agreement by entirely barring this action—irrespective of either party's liability. The Court thus finds that Federal Rule of Evidence 408 does render the Settlement Agreement inadmissible.

### B. Identity of the parties

Defendants argue that the Settlement Agreement binds World Trading because World Trading is an "affiliate" of Toyriffic. Since the parties to the agreement

released any claims that could be brought by, among others, their affiliates, Defendants contend that the agreement's release precludes this action.

World Trading admits twice in its Complaint that it is Toyrrific's "affiliate company." (Compl. ¶¶ 14, 28.) The Court accordingly finds that the Settlement Agreement's terms bind World Trading as Toyriffic's affiliate. (*See* Minasyan Decl. Ex. A, at 5.)

### C. Identity of the claims

General contract law governs the interpretation of a settlement agreement. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under California law, the "fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties" as determined by the objective manifestations of the parties' intent. *Wolf v. Super. Ct.*, 114 Cal. App. 4th 1343, 1356 (2004) (internal quotation marks omitted); *see also* Cal. Civ. Code § 1636. A contract may also be explained by the circumstances surrounding its drafting and the matters to which the contract relates. Cal. Civ. Code § 1647.

Defendants tersely allege in their original Motion that because "the claim in [*sic*] 'incidental' to the *Toyrrrific I* [*sic*] claim of unlawful competition, the Agreement applies." (Mot. 15.) Defendants also contend that this Court already found in *Toyrrific II* that the Settlement Agreement concerns copyright-infringement and other claims related to unlawful interference with Toyrrific's company. (Defs.' Supp. Br. 4.)

World Trading responds that the requisite nexus between the copyright claim and the claims at issue in *Toyriffic I* does not exist here. World Trading argues that helicopter copyright was not even contemplated when the parties executed the Settlement Agreement, because World Trading did not receive the copyright registration until after the date of the agreement. Additionally, Defendants' alleged infringement did not occur until November 2012—some 11 months after the parties settled *Toyriffic I*. World Trading also points out that Defendants fail to describe

exactly how the copyright-infringement claim here is "incidental" to any claims involved in *Toyriffic I*.

The Settlement Agreement releasing the claims in *Toyriffic I* sweeps broadly. The parties used comprehensive language, seeking to discharge "any and all claims, administrative claims, demands and/or causes of action" related to *Toyriffic I*. But the release has a crucial limitation: for a claim to come within its umbrella, the claim must arise out of, be connected with, or be incidental to those claims involved in *Toyriffic I*. This language necessitates a nexus—something fatally lacking in this case.

At issue here is a copyright for an impact-resistant, remote-controlled toy helicopter, which copyright registration Toyrrific obtained 11 months after the parties executed the Settlement Agreement. In contrast, *Toyriffic I* concerned Defendants' alleged infringement of Toyriffic's website. In one sense, both cases are related in that they both concern intellectual property. But that is where the similarity ends. Conflating this case with *Toyriffic I* would mean that the parties have *carte blanche* to eternally misappropriate each other's intellectual property with impunity. That absurdity can hardly be the result the parties to the agreement intended. It is also not concordant with the objective interpretation of the contract's nexus requirement.

Neither does this Court's motion-to-dismiss order in *Toyrrific II* compel a contrary conclusion. In that case, Toyrrific alleged that the same Defendants involved in this case infringed upon Toyrrific's intellectual-property rights by creating a website nearly identical to Toyriffic's site. Interpreting the Settlement Agreement's language, the Court found that the agreement precluded all of Toyrrific's claims. Indeed, the claims and allegations in *Toyrrific II* virtually mirrored those brought in *Toyriffic I*, including the claim of a competing, copycat website.

In contrast, no website is at issue here, just alleged copyright infringement of a toy helicopter. Additionally, the Court in *Toyrrific II* did not hold that the Settlement Agreement precluded every conceivable intellectual-property claim—only the claims at issue in that case.

The Court thus finds that the Settlement Agreement does not bar World Trading's copyright-infringement claim, and Defendants are therefore not entitled to judgment as a matter of law.

**D.     California Civil Code section 1668**

Since the Court finds that the Settlement Agreement does not envelop the present copyright-infringement claim, the Court need not decide whether California Civil Code section 1668 invalidates the agreement.

## V.     CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

April 24, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**